### ESTATE OF JEAN PIERRE RICAUD, DECEASED.

[No. 7,754, former Probate Court; decided November 7, 1883.]

A Legatee of a Specific Bequest can Take Only Such Interest in the property bequeathed as the testator had a right or power to dispose of by will.

Where Property Specifically Bequeathed is Sold Under Order of Court, the legatee is not entitled to the proceeds before distribution, but the same must be held subject to administration.

An Executor can be Allowed Commissions only upon the amount the estate accounted for by him; and he cannot be said to have accounted for property as part of the estate of his testator, to which it has judicially been determined that the estate has no title.

Jean Pierre Ricaud died April 1, 1877, in San Francisco, a resident thereof, and leaving estate therein.

He left a last will and testament, dated March 26, 1877, in which Francois Larroche and Leon Auradou were named as executors. Upon petition filed by them on April 6, 1877, the will was admitted to probate, and they were appointed executors thereof on April 26, 1877, and letters testamentary were issued to them on April 28, 1877.

A part of the estate consisted of a saloon, which the decedent bequeathed to his brother, Michael Ricaud.

On May 2, 1877, the executors, at the request of this legatee, filed a petition praying for an order of sale of this saloon, on the ground that its chief value consisted in its goodwill, and that unless it could be kept open it would depreciate in value and become worthless, and that its stock of wines and liquors was diminishing by daily sales, and that they did not feel authorized to expend the money of the estate in replenishing it. An order of sale was accordingly made on said day, and the saloon was thereafter sold, with the assent of the legatee, for $2,000, and the sale confirmed by the court.

On August 30, 1878, the executors filed their first account, from which it appeared that the saloon had been sold under the order of court for $2,000, and the proceeds paid to the legatee by the executors.

On September 13, 1878, Maria Ricaud, the widow of the decedent, filed exceptions to this account, and contested this payment to the legatee, on the ground that the same was unauthorized and illegal, but the question was reserved by the court for future consideration, and the account, with the exception of this item, settled.

On August 13, 1883, the executors filed their second account, to which exception was again taken by the widow, on the same ground.

The contestant also excepted to the amount claimed by the executors as commissions, the facts in relation to which matter are as follows: There was included in the inventory and appraisement filed in the matter of the estate certain real property valued at $7,500, and commissions were claimed on this amount as part of the estate accounted for.

From the account and report of the executors, it appeared that a suit in ejectment had been commenced against the decedent for this property in his lifetime, and that after trial and appeal to the supreme court, subsequently to the death of the testator, the litigation terminated in a final judgment against the estate, and the property was surrendered to the successful parties.

The account was settled in accordance with the principles laid down in the following opinion:

Jarboe & Harrison, attorneys for executors.

H. A. Powell and A. P. Needles, attorneys for widow.

COFFEY, J. 1. The claimant of the specific legacy (the saloon) can take only such interest in the property as the testator had a right or power to dispose of by will. It follows, therefore, that the proceeds of the sale of the saloon, to-wit, $2,000, should be retired from the account and held subject to distribution, to be disposed of by the court according to the circumstances at such time existing.

2. Commissions can only be allowed, according to the statute, "upon the amount of estate accounted for" by the executor. He cannot be said, in the sense of the statute, to have accounted for estate to which it has been determined the estate had no title, which it appears never belonged to the estate, and is not returned or accounted for in this account.

---

The Principal Case was Affirmed by the supreme court of California in Estate of Ricaud, 70 Cal. 69, 11 Pac. 471, holding that an executor cannot claim commissions on real estate involved in litigation that ultimately results in a decision adverse to the estate. To the same effect is Estate of Delaney, 110 Cal. 563, 42 Pac. 981. Commissions are allowable, as a rule, upon all the property which comes into the possession of the executor or administrator and for which he is accountable, but upon no other: Estate of Simmons, 43 Cal. 543; Estate of Isaacs, 30 Cal. 106; Blackenburg v. Jordan, 86 Cal. 171, 24 Pac. 1061.